I respectfully dissent from the decision of the majority. In his first assignment of error, Defendant-Appellant Pape complains that the trial court failed to comply with Crim.R. 11(C)(2)(a). That Rule provides that the trial court may not accept a defendant's plea of guilty or no contest to a felony charge without first determining, inter alia, "that the defendant is making the plea . . . with (the) understanding . . . that the defendant is not eligible for the imposition of community control sanctions at the sentencing hearing."
This matter is before us on an appeal from two judgments. One of those is Pape's sentence and conviction, and to that extent we perform a merit review of the Crim.R. 11(C)(2)(a) error assigned. The other judgment is the trial court's order denying Pape's Crim.R. 32.1 motion to vacate his guilty plea. In that respect we must determine whether the Crim.R. 11(C)(2)(a) error alleged constitutes a "manifest injustice" that may be corrected by allowing Pape to withdraw his guilty plea. If it may be, then the trial court erred when it denied the motion without a hearing.
Pape was subject to a mandatory prison sentence for the offense of which he was convicted. Therefore, community control sanctions were not an option available to Pape at the sentencing hearing. See R.C. 2925.15(A). The court determined that Pape understood a prison sentence was mandatory. Implicit in that is the corollary that community control sanctions are not available as an alternative, and that Pape understood that they are not. On the other hand, an argument may be made that the court's determination of the defendant's understanding of that proposition must be exemplified by the record, and here it is not. Pape doesn't rely on that argument, however, but takes a different tack.
Community control sanctions must be imposed when judicial release is ordered. R.C. 2929.20(I). However, judicial release is not available to a defendant who is serving a mandatory prison term. R.C. 2929.20(A)(1). Because his mandatory term renders him ineligible for judicial release and the community control sanctions that follow judicial release, Pape argues that the court was required by Crim.R. 11(C)(2)(a) to determine that he understood that. The majority holds that, on the same rationale, the court must at least determine that a defendant in Pape's situation understands that he is ineligible for judicial release. I do not agree, for two reasons.
First, the matters involved in Crim.R. 11(C)(2)(a) do not include those waivers of constitutional rights of which a defendant must be advised when he waives his right to trial. See State v. Ballard (1981),66 Ohio St.2d 473. Instead, they are safeguards which the Supreme Court of Ohio has prescribed to insure that the plea of guilty or no contest is knowing, intelligent, and voluntary. Id. The Supreme Court imposed the requirement pursuant to its constitutional power to "prescribe rule of practice and procedure in all courts of the state." Section 5(B), ArticleIV, Ohio Constitution. We are authorized by that same provision to adopt local rules of practice "not inconsistent with the rules promulgated by the supreme court." Id. A local rule expanding Crim.R. 11(C)(2)(a) to require the trial court also to determine that a defendant who is ineligible for judicial release understands that he is ineligible would be inconsistent with the Rule promulgated by the Supreme Court. We should not try to accomplish the same result through judicial decision, which is what the majority decision does.
Second, judicial release is available to a defendant only after he has served a portion of his prison term. Defendants who are convicted of a third degree felony, as Pape was, must serve at least 180 days before seeking judicial release. R.C. 2929.20(B). Manifestly, neither judicial release nor the community control which follows judicial release was available to Pape at the sentencing hearing, and Crim.R. 11(C)(2)(a) pertains only to options available "at the sentencing hearing." Because neither is then available in any event, the court was not required to determine Pape's understanding that he was ineligible for them.
It may be sound policy to advise a defendant who enters a plea of guilty or no contest and for whom a prison sentence is mandatory that he is ineligible for later judicial release. The former does not necessarily exclude the latter. However, the Supreme Court is charged with prescribing that requirement. Our task is to construe Crim.R. 11(C)(2)(a) as it is written, which is expressly limited to events "at the sentencing hearing."
Judge Wolff finds the Staff Note to Crim.R. 11(C) is "strangely silent" concerning the limitation imposed by the phrase "at the sentencing hearing," suggesting that the phrase therefore may apply to later proceedings as well. I do not agree. The linguistic inference expressio unis, expression of one thing suggests the exclusion of others, supports a conclusion that the requirement does not apply to community control opportunities available after the sentencing hearing, not that instead it somehow does.
The trial court did not err when it failed to determine that Pape understood he is ineligible for judicial release and the community control following judicial release after conviction on his plea. Therefore, there is no basis to reverse his conviction for a Crim.R. 11(C)(2)(a) violation. Further, because there is no "manifest injustice" in that respect that requires correction by granting Pape leave to withdraw his plea per Crim.R. 32.1, the trial court did not err when it denied Pape's motion, and the trial court was not required to conduct a hearing on Pape's motion to determine those grounds for relief. I would overrule the first assignment of error for those reasons.
I would also overrule the second and third assignments of error for the reasons Judge Wolff has stated.
The fourth assignment of error involves Pape's claim that he was denied notice that his automobile could be forfeited. I agree that he was not denied notice. Because I would affirm the trial court's order in the other respects discussed above, I would also overrule Pape's fourth assignment of error.
For the reasons stated above, I would affirm the judgment from which this appeal was taken.